## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PFIZER INC,                                        )
PFIZER IRELAND PHARMACEUTICALS,)
WARNER-LAMBERT COMPANY,             )
WARNER-LAMBERT COMPANY, LLC    )
and                                                     )
WARNER-LAMBERT EXPORT LTD.,        )
                                                         )
                        Plaintiffs,                    )
                                                         )
            v.                                            )          Civil Action No.  07-790-JJF
                                                         )
COBALT PHARMACEUTICALS, INC.        )
                                                         )
                        Defendant.                   )

## REPLY TO COUNTERCLAIMS

Plaintiffs/Counterclaim defendants' Pfizer Inc, Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, Warner-Lambert Company, LLC and Warner-Lambert Export Ltd., (collectively referred to as "Pfizer"), by their attorneys, for their reply to the Answer and Counterclaims (the "counterclaim") of defendant and counterclaim-plaintiff Cobalt Pharmaceuticals, Inc. ("Cobalt") allege as follows:

1.       Admitted only that Cobalt purports to bring its counterclaim for declaratory judgment of patent noninfringement, invalidity and/or unenforceability under, *inter alia*, 21 U.S.C. § 355(c)(3)(C)(D)(i)-(ii); 35 U.S.C. § 271(e)(5) and 28 U.S.C. § 2201.  The remainder of the allegations of counterclaim paragraph 1 are denied.

2.       Admitted

3.       Admitted.

4.       Denied.

5.       Admitted only that Pfizer enforces its intellectual property rights, including by filing patent infringement actions when appropriate and necessary.  The remainder of the allegations of counterclaim paragraph 5 are denied.

6.  Admitted that Cobalt has submitted an NDA and certified to FDA as part of its NDA that its proposed sodium atorvastatin product will not infringe any valid or enforceable claim contained in the '995, '971, '104, and '156 patents and that one or more claims of the '995, '971 and '104 patents are invalid and/or unenforceable. The remainder of the allegations of counterclaim paragraph 6 are denied.

7.  Admitted. By way of further response, the limitations placed upon Cobalt's offer of confidential disclosure defeated the intended statutory purpose of such offer.

8.  Denied.

9.  Admitted.

10. Admitted only that Pfizer failed to bring suit on the '971, '104 and '156 patents, but denied that Pfizer has not provided a covenant not to sue on the '971 and '104 patents.

11. Denied as phrased.

12. Denied.

13. Denied.

14. Admitted upon information and belief.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted only that the First Claim for Relief of Cobalt's counterclaim arises under the Patent laws of the United States, the Declaratory Judgment Act and the Hatch-

Waxman Act. Pfizer lacks sufficient evidence upon which to admit or deny the allegations of paragraph 22 of the counterclaim with respect to the Fourth Claim for Relief of Cobalt's counterclaim and therefore denies each and every allegation of paragraph 22 with respect to Cobalt's Fourth Claim for Relief. The allegations of paragraph 22 of the counterclaim are denied with respect to the Second and Third Claims for Relief of Cobalt's counterclaim.

23.    Admitted only that this Court has subject matter jurisdiction over the First Claim for Relief in Cobalt's counterclaim with respect to the '995 patent. Pfizer lacks sufficient evidence upon which to admit or deny the allegations of paragraph 23 of the counterclaim with respect to the Fourth Claim for Relief and therefore denies each and every allegation of paragraph 23 of the counterclaim with respect to Cobalt's Fourth Claim for Relief. The allegations of paragraph 23 of the counterclaim are denied with respect to the Second and Third Claims for Relief of Cobalt's counterclaim.

24.    Admitted only that a substantial and continuing actual, justiciable case or controversy exists between Pfizer and Cobalt concerning the First Claim for Relief in Cobalt's counterclaim with respect to the '995 patent. Pfizer lacks sufficient evidence upon which to admit or deny the allegations of paragraph 24 of the counterclaim with respect to the Fourth Claim for Relief and therefore denies each and every allegation of paragraph 24 of the counterclaim with respect to Cobalt's Fourth Claim for Relief. The allegations of paragraph 24 of the counterclaim are denied with respect to the Second and Third Claims for Relief of Cobalt's counterclaim.

25.    Admitted only that this Court has subject matter jurisdiction over the First Claim for Relief in Cobalt's counterclaim with respect to the '995 patent. Pfizer lacks sufficient evidence upon which to admit or deny the allegations of paragraph 25 of the counterclaim with respect to the Fourth Claim for Relief and therefore denies each and every allegation of

paragraph 25 of the counterclaim with respect to Cobalt's Fourth Claim for Relief. The allegations of paragraph 25 of the counterclaim are denied with respect to the Second and Third Claims for Relief of Cobalt's counterclaim.

     26.    Admitted.

     27.    Admitted.

     28.    Admitted only that Pfizer has enforced and continues to enforce its intellectual property rights in the District of Delaware, including filing the twenty-eight (28) specific actions listed in counterclaim paragraph 28. The remainder of the allegations of counterclaim paragraph 28 are denied.

     29.    Admitted.

     30.    Admitted.

**First Claim for Relief:**
**Declaratory Judgment of Patent Invalidity and Noninfringement of the '995 Patent**

     31.    Pfizer reiterates its responses to paragraphs 1-30 of the counterclaim as if fully set forth herein.

     32.    Denied.

     33.    Denied.

     34.    Denied.

     35.    Denied.

**Second Claim for Relief:**
**Declaratory Judgment of Patent Invalidity and Noninfringement of the '104 Patent**

     36.    Pfizer reiterates its responses to paragraphs 1-35 of the counterclaim as if fully set forth herein.

     37.    Denied.

38.     Pfizer has provided to Cobalt a covenant not to sue or otherwise enforce the '104 patent against Cobalt in connection with the manufacture, sale, offer for sale, use, or importation of Cobalt's proposed generic atorvastatin sodium drug product, that is the subject of NDA No. 22-245.  Therefore, the Court lacks jurisdiction over the subject matter of this Claim for Relief and consequently no further response is required.

39.     Denied.

40.     Denied.

### Third Claim for Relief:
### Declaratory Judgment of Patent Invalidity and Noninfringement of the '971 Patent

41.     Pfizer reiterates its responses to paragraphs 1-40 of the counterclaim as if fully set forth herein.

42.     Denied.

43.     Pfizer has provided to Cobalt a covenant not to sue or otherwise enforce the '971 patent against Cobalt in connection with the manufacture, sale, offer for sale, use, or importation of Cobalt's proposed generic atorvastatin sodium drug product, that is the subject of NDA No. 22-245.  Therefore, the Court lacks jurisdiction over the subject matter of this Claim for Relief and consequently no further response is required.

44.     Denied.

45.     Denied.

### Fourth Claim for Relief:
### Declaratory Judgment of Patent Noninfringement of the '156 Patent

46.     Pfizer reiterates its responses to paragraphs 1-45 of the counterclaim as if fully set forth herein.

47.    Pfizer lacks sufficient evidence upon which to admit or deny the allegations of paragraph 47 of the counterclaim and therefore denies each and every allegation of paragraph 47 of the counterclaim.

48.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

One or more of Cobalt's Counterclaims fail to state a claim on which relief can be granted under the applicable Statutes and Rules, and such counterclaim(s) should be dismissed under Fed. R. Civ. P. 12.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over one or more of Cobalt's Counterclaims.


**WHEREFORE,** Pfizer requests that judgment be entered in Pfizer's favor on its Complaint and that each of Cobalt's Counterclaims be dismissed.

RESPECTFULLY SUBMITTED,


/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiffs Pfizer Inc, Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, Warner-Lambert Company, LLC and Warner Lambert Export, Ltd.*

## CERTIFICATE OF SERVICE

I, Rudolf E. Hutz, Esquire, hereby certify that on February 22, 2008, I caused to be served by electronic service the foregoing document and electronically filed the same with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John Shaw (#3362)
Jeffrey T. Castellano (#4837)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6600
jshaw@ycst.com

I further certify that on February 22, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail to the following non-registered participants:

Steven A. Maddox
Foley & Lardner LLP
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007
(202) 672-5300
smaddox@foley.com

Douglas H. Carsten
Ary Chang
Foley & Lardner LLP
11250 El Camino Real, Suite 200
San Diego, CA 92310
(858) 847-6700
dcarsten@foley.com
achang@foley.com

CONNOLLY BOVE LODGE & HUTZ, LLP
/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiffs*